41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rachel KILLEBREW, Plaintiff-Appellant,
v.
Daniel DAVIS; Gary Thompson; John Doe, Defendants-Appellees.
 No. 94-6015.
 United States Court of Appeals, Tenth Circuit.
 Nov. 28, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.[2]
 
 
 1
 Plaintiff-appellant Rachel Killebrew appeals the district court's decision granting defendants-appellees Daniel Davis and Gary Thompson summary judgment on her civil rights claims asserted under 42 U.S.C.1981, 1983 and 1985. Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review the district court's summary judgment determination de novo, viewing the record in the light most favorable to plaintiff. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Upon consideration of the record[3] and the parties' arguments on appeal, we affirm.
 
 
 2
 Plaintiff, who is black, alleged that defendants interfered with her pursuit of a Masters of Liberal Studies degree from the University of Oklahoma because of her race. Although, in response to defendants' summary judgment motion, she submitted evidence tending to support her allegations of difficulties she encountered in the pursuit of a degree, she failed to present any evidence that tended to support, either directly or indirectly, that these problems were the result of racial discrimination. The district court, therefore, did not err in granting defendants summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (where a party fails to make a showing sufficient to establish existence of an element essential to the party's case and upon which the party bears the burden of proof at trial, summary judgment is appropriate).
 
 On appeal, plaintiff also contends that
 
 3
 she advanced a claim for denial of equal protection on more grounds than racial discrimination alone. It is obvious that she set forth a claim alleging a denial of equal protection on the basis that she was deprived of the same right to obtain a Master's Degree in the MLS program as all other graduate students similarly situated.
 
 
 4
 Appellant's Opening Br. at 28. Assuming that plaintiff did allege such a claim, she failed to submit any evidence establishing that defendants treated her differently than other similarly situated students. Summary judgment, therefore, was proper on this claim as well.
 
 
 5
 On appeal, plaintiff argues that defendants' summary judgment motion was insufficient. Plaintiff, however, never raised this objection to the district court. See Doelle v. Mountain States Tel. & Tel., 872 F.2d 942, 944 n. 4 (10th Cir.1989)(appellate court will not consider issues raised for first time on appeal, absent extraordinary circumstances). Further, because defendants would not bear the burden of proof at trial concerning plaintiff's claims, Rule 56 does not impose on them onerous requirements for summary judgment purposes. See Celotex Corp., 477 U.S. at 323, 325 (Rule 56 does not require moving party to support summary judgment motion with materials negating opponent's claim; "the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case"). Defendants' summary judgment motion was sufficient.
 
 
 6
 Plaintiff next argues that the district court erred in granting defendants' summary judgment motion before she had an opportunity to complete discovery. Plaintiff commenced this action by filing her pro se complaint on February 19, 1993. Following service of the complaint in May, defendants filed answers on June 17, 1993, and then, six days later, filed their summary judgment motion.
 
 
 7
 Upon receiving defendants' summary judgment motion, plaintiff sought the assistance of counsel. She was able to retain her current attorney, but apparently not until after the date upon which she was to respond to the summary judgment motion. Plaintiff's counsel immediately filed a motion seeking an extension of time to respond and complaining about the lack of an opportunity to conduct discovery. See Appellant's App. doc. 5 at 3-4.
 
 
 8
 The district court granted that motion on July 21, 1993, staying the time in which plaintiff had to respond to the summary judgment motion and setting a date for a scheduling conference. As a result of the scheduling conference, held on August 10, 1993, the district court set December 15, 1993, as the discovery deadline and required plaintiff to respond to the summary judgment motion by October 15, 1993. Upon plaintiff's request, the district court later extended the time for her response until October 19. She filed a responsive pleading on that date.
 
 
 9
 The district court did not enter its order granting defendants summary judgment until December 22, 1993, after the time for discovery had expired. Plaintiff did not request an extension of the discovery deadline nor did she seek the district court's permission to file a supplemental pleading addressing the summary judgment motion after discovery was supposed to have been completed.
 
 
 10
 Further, there is no requirement that discovery be completed before a district court awards summary judgment. Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir.1985). If a party requires additional discovery in order to respond to a summary judgment motion, that party may file an affidavit pursuant to Fed.R.Civ.P. 56(f), indicating that she cannot present facts essential to her opposition to summary judgment and requesting a continuance of the court's consideration of that motion until the completion of discovery. See Weir, 773 F.2d at 1082. Plaintiff did not file such an affidavit. "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 832-33 (10th Cir.1986).
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. On August 11, 1994, plaintiff filed a motion to stay her appeal for ninety days. That motion, which we deem to be a motion to abate the appeal, is DENIED as moot. On August 12, 1994, plaintiff's counsel filed a motion to withdraw as counsel of record. Counsel, however, has subsequently re-entered his appearance on behalf of plaintiff. The motion to withdraw, therefore, is also DENIED as moot.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 In her "Special Appendix," plaintiff submits to this court several documents that she did not present for the district court's consideration. See Appellant's Opening Br. at 24, 26, 28. We decline to consider this evidence on appeal. See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n. 1 (10th Cir.1992)